UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| | **REPORT AND RECOMMENDATION** |
| This Document Relates to: *Jeffrey Adams, et al. v. Bayer AG, et al.* (Plaintiff Albert Averill only) | Case No. 04-3272 |

Matthew T. Graff, Esq. on behalf of Plaintiff Albert Averill

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Albert Averill (Doc. No. 43). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I.   INTRODUCTION**

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(B)(2)(c) and 37(d) for Plaintiff's failure to appear for his duly noticed deposition on May 7, 2007 in Salt Lake City, Utah. Section I.A.2 of PTO 149 provides, in relevant part:

    d.    Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

      e.      If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On April 19, 2007, fully consistent with PTO 149, Defendant Bayer served a Notice of Deposition of Plaintiff Albert Averill upon Plaintiff's counsel of record to be taken on May 7, 2007, at the offices of Snow, Christensen & Martineau in Salt Lake City, Utah.

On May 7, 2007, the deposition proceeded as noticed. Neither Plaintiff nor Plaintiff's counsel appeared for the deposition. Fees for the court reporter's services totaled $155.50.

## II.     DISCUSSION

Defendant Bayer argues that Plaintiff has willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer was prejudiced by Plaintiff's failure to appear for his deposition. In order to adequately defend against Plaintiff's claims, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol, the nature, extent and potential causes of Plaintiff's alleged injuries, and the extent of Plaintiff's alleged damages. Moreover, Bayer argues that Plaintiff's failure to appear for his deposition demonstrates his lack of interest in this case and his abandonment of this claim and, accordingly, Bayer seeks dismissal of the action. Bayer also seeks reimbursement of the court reporter's fees.

Plaintiff filed an untimely opposition to the motion, explaining that he did not appear for his deposition because his "counsel's calendar reflected no such deposition scheduled" for May 7, 2007. (Pl. Mem. at 1.) Plaintiff also notes that Bayer scheduled several depositions at the same time, but at different locations, involving Plaintiff's counsel, which indicated Bayer's intention that all of the

depositions would not actually go forward.

To this, Bayer replies that it repeatedly sought to schedule Plaintiff's deposition for a mutually convenient time. Bayer further explains that it regularly notices multiple depositions for the same time in order to comply with the strict discovery schedule in place, but in order to reschedule conflicting depositions, opposing counsel must communicate with Bayer.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule  . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action if a plaintiff fails to appear for his or her deposition. Further, the Court finds that Bayer has been prejudiced by Plaintiff's failure to appear. It is undisputed that Bayer is entitled to discover fundamental

facts regarding Plaintiff's use of Baycol, injuries, and damages, by way of deposition. However, the Court cannot conclude on the record before it that Plaintiff's failure to appear was willful or without good cause. Plaintiff's counsel has explained, although not entirely credibly given other facts of record, that he forgot to enter the deposition on his calender. The Court is not inclined to punish Plaintiff for his counsel's mistake. Thus, a sanction of dismissal is not appropriate.

This Court does find, however, that a lesser sanction against Plaintiff's counsel is warranted. Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide at least twenty-four hours written notice to Bayer's counsel that a plaintiff may not appear for a deposition will be liable for the fees of the court reporter. Here, Plaintiff's counsel failed to give twenty-four hours written notice that he was canceling the deposition, for which there was no good cause. Plaintiff's counsel therefore should be required to pay the court reporter's fees of $155.50.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Albert Averill (Doc. No. 43) be **DENIED** as to dismissal, but **GRANTED** as to court reporter's fees; and

2. Plaintiff's counsel be required to pay the sum of $155.50 to Bayer Corporation within

10 days of the District Court's Order should the District Court adopt this Report and

Recommendation.

Dated:  August 1, 2007

                                             s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by  **August 17, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.