UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| | **REPORT AND RECOMMENDATION** |
| This Document Relates to: | |
| *Jeffrey Adams, et al. v. Bayer AG, et al.* | Case No. 04-3272 |
| *(Plaintiff Mary Sassin only)* | |

Matthew T. Graff, Esq. on behalf of Plaintiff Mary Sassin

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Mary Sassin (Doc. No. 55). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.   INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(B)(2)(c) and 37(d) for Plaintiff's failure to appear for her duly noticed deposition on May 14, 2007 in Salt Lake City, Utah. Section I.A.2 of PTO 149 provides, in relevant part:

> d.   Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

  e.  If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On April 19, 2007, fully consistent with PTO 149, Defendant Bayer served a Notice of Deposition of Plaintiff Mary Sassin upon Plaintiff's counsel of record to be taken on May 14, 2007, at the offices of Snow, Christensen & Martineau in Salt Lake City, Utah.

On May 8, 2007, Plaintiff's counsel wrote a letter to Bayer, indicating that the deposition date was inconvenient and requesting that the deposition be rescheduled. Bayer's counsel responded that Bayer would not reschedule any depositions until Plaintiff's counsel provided available dates during the last week of May or the first week of June. Bayer's counsel also said that Bayer would make a record of Plaintiff's nonappearance if Plaintiff failed to appear for the noticed deposition without re-scheduling. Plaintiff's counsel did not respond to this, and Bayer did not re-notice the deposition. Neither Plaintiff nor Plaintiff's counsel appeared, and Bayer incurred $292.10 in court reporter's fees.

## II. DISCUSSION

Bayer argues that Plaintiff has willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer was prejudiced by Plaintiff's failure to appear for her deposition. In order to adequately defend against Plaintiff's claims, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol, the nature, extent, and potential causes of Plaintiff's alleged injuries, and the extent of Plaintiff's alleged damages. Moreover, Bayer argues that Plaintiff's failure to appear for her deposition demonstrates a lack of interest in this case and abandonment of her claims and, accordingly, Bayer seeks dismissal of the action. Bayer acknowledges

that Plaintiff's counsel notified Bayer that Plaintiff did not intend to appear at the deposition, but Bayer also notes that Plaintiff's counsel has repeatedly refused to provide available deposition dates. Bayer also seeks reimbursement of the court reporter's fees.

Plaintiff filed an untimely opposition to the motion, explaining that she did not appear for the deposition because her "counsel's calendar reflected no such deposition scheduled" for May 14, 2007. (Pl. Mem. at 1.) Plaintiff also notes that Bayer scheduled several depositions at the same time, but at different locations, involving Plaintiff's counsel, which indicated Bayer's intention that all of the depositions would not actually go forward.

To this, Bayer replies that it repeatedly sought to schedule Plaintiff's deposition for a mutually convenient time. Bayer further explains that it regularly notices multiple depositions for the same time in order to comply with the strict discovery schedule in place, but in order to reschedule conflicting depositions, opposing counsel must communicate with Bayer.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While the

district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted).

In the present case, Plaintiff has not violated either of the provisions of PTO 149 on which Bayer relies, and thus, there is no willful violation of an order compelling discovery. Plaintiff did not appear at the deposition because it conflicted with other noticed depositions and was scheduled at an inconvenient time. Plaintiff's counsel timely notified Bayer's counsel in writing that Plaintiff would not appear for these reasons. Plaintiff's counsel has also explained, although not entirely credibly given other facts of record, that he forgot to enter the deposition on his calender, and the Court is disinclined to punish Plaintiff for her counsel's mistake. Thus, neither dismissal nor an award of court reporter's fees is appropriate. Bayer should re-notice Plaintiff's deposition.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Mary Sassin (Doc. No. 55) be **DENIED**.

Dated:   August 2, 2007

                                               s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 17, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in

the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.