UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| | **REPORT AND RECOMMENDATION** |
| This Document Relates to: | |
| *Jeffrey Adams, et al. v. Bayer AG, et al.* | Case No. 04-3272 |
| (Plaintiff Norma Whiting only) | |

_____

No appearance on behalf of Plaintiff Norma Whiting

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Norma Whiting (Doc. No. 105). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

I.    INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d) for Plaintiff's failure to appear for her duly noticed deposition on August 15, 2007 in Pocatello, Idaho. Section I.A.2 of PTO 149 provides, in relevant part:

> d.    Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.
>
> e.    If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing

of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On August 8, 2007, fully consistent with PTO 149, Defendant Bayer served a Second Notice of Deposition of Plaintiff Norma Whiting upon Plaintiff's counsel of record to be taken on August 15, 2007, at the Bannock County Courthouse in Pocatello, Idaho.  Having received no written notice of Plaintiff's intent not to appear, the deposition went forward as noticed.  Neither Plaintiff nor Plaintiff's counsel appeared, and Bayer incurred $75.00 in court reporter's fees.

**II.    DISCUSSION**

Bayer argues that Plaintiff has willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer was prejudiced by Plaintiff's failure to appear for her deposition.  In order to adequately defend against Plaintiff's claims, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol, the nature, extent, and potential causes of Plaintiff's alleged injuries, and the extent of Plaintiff's alleged damages.  Moreover, Bayer argues that Plaintiff's failure to appear for her deposition demonstrates a lack of interest in this case and abandonment of her claims and, accordingly, Bayer seeks dismissal of the action.  Bayer also seeks reimbursement of the court reporter's fees.  Plaintiff did not oppose the motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice.  In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are

just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While a district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted). The Court notes that the sanction of dismissal has been found appropriate in similar Baycol matters. See, e.g., Haines v. Bayer Corp., Civ. No. 03-4601 (MJD/SRN), slip. op. at 1 (D. Minn. May 23, 2007) (adopting Report and Recommendation of May 4, 2007).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action if Plaintiff fails to appear for her deposition. Further, the Court finds that Bayer has shown the requisite willfulness and prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries, and damages, by way of deposition. Plaintiff's failure to appear at her scheduled deposition makes it virtually impossible for Bayer to prepare an adequate defense to her claims. Furthermore, Plaintiff's deliberate failure to attend her deposition demonstrates a lack of interest in this case and an abandonment of her claims. Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff would cure the prejudice to Bayer. However, because Plaintiff essentially refuses to be deposed, the Court finds in its discretion that any lesser sanction would be futile. It is therefore recommended that Bayer's motion for the sanction of dismissal be granted.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide written notice, twenty-four hours in advance, to Bayer's counsel that a plaintiff may not appear for his or her deposition will be liable for the fees of the court reporter. Here, Plaintiff's counsel did not inform Bayer that Plaintiff would not appear for the deposition. The Court concludes that incurring $75.00 in court reporter's fees to document Plaintiff's failure to appear is not excessive. PTO 149 places the burden on Plaintiff's counsel to demonstrate good cause to avoid liability for the fees, and Plaintiff's counsel has failed to do so.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Norma Whiting (Doc. No. 105) be **GRANTED**;

2. Plaintiff Norma Whiting's claims be **DISMISSED WITH PREJUDICE**; and

    3.      Plaintiff's counsel be required to pay the sum of $75.00 to Bayer Corporation within ten days of the District Court's Order should the District Court adopt this Report and Recommendation.

Dated: February 1, 2008

                                     s/ Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 18, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.